CHARLES L. CRISMAN *vs.* ISAAC B. SWISHER.

1. The return to a writ of attachment by a constable, that he served the writ of attachment according to the statute in such case made and provided, is insufficient. He should return the way in which he executes the writ, so that the court can judge whether it is according to law.

2. It should appear affirmatively in the proceedings under an attachment, issued by a justice of the peace, that on the return of the attachment the justice fixed a day for the hearing of the cause.

3. In an action brought before a justice of the peace by the holder of a promissory note payable to order, the state of demand must show that the note has been legally transferred to the plaintiff.

On *certiorari* in a suit by attachment against a nonresident debtor.

OGDEN, J. The whole proceedings in this case are irregular and grossly defective from the time the process of attachment was delivered to the constable. Instead of endorsing upon the attachment the manner in which he executed it, he cuts off all examination of that matter by a return, that he " served the writ of attachment according to the statute in such case made and provided." He should have returned the way in which he executed the writ, so that the court could judge whether it was authorized to proceed further with the suit.

Again, it does not appear affirmatively that on the re-

N*

turn of the writ the justice appointed a day for the hearing of the cause. The transcript states that, on the 26th of December, 1857, the day appointed for the hearing, he proceeded, &c. Although such inference might be a stretch of intendment, yet, if this was the only difficulty in the case, we might assume that the day for hearing was fixed on the return day, as no other time appears.

But upon the state of demand and the promissory note, which was in evidence, it is manifest that the plaintiff showed no cause of action. The note is dated July 26th, 1858, payable, thirty days after date, to the order of John McNeal, given by Charles L. Crisman and Jacob Crisman, jointly, for the payment of thirty-six dollars and twenty-eight cents. There is no endorsement upon the note, nor any allegation in the state of demand that the same had been in any way transferred by the payee to the plaintiff.

Upon this return, state of demand and evidence, the justice rendered judgment for seventy-eight dollars and nine cents debt, and two dollars and ninety cents costs.

The judgment was illegal, and is reversed.